# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: E.H.**

**No. 14-0128** (Barbour County 13-JA-08)

**FILED**

June 16, 2014

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father, by counsel Justina Helmick, appeals the Circuit Court of Barbour County's December 19, 2013, order terminating his parental rights to E.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Melinda Dugas, filed its response in support of the circuit court's order. The guardian ad litem ("GAL"), Karen Johnson, filed a response on behalf of the child that also supports the circuit court's order. On appeal, Petitioner Father alleges that the circuit court erred in terminating his parental rights and denying him post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, Petitioner Father was granted legal and physical custody of E.H. ("the child"). On February 12, 2013, the child's paternal grandfather filed a petition for infant guardianship of E.H. The petition alleged that Petitioner Father was a drug addict, currently incarcerated, and facing felony charges. By order entered on March 8, 2013, the circuit court consolidated the guardianship proceedings into an abuse and neglect proceeding due to Petitioner Father's incarceration and history of drug activity.[1] Following his release from incarceration, the circuit court directed Petitioner Father to submit to random drug screens and granted him supervised visitation with E.H. contingent upon Petitioner Father remaining drug free.

In July of 2013, Petitioner Father filed an answer and a motion for a post-adjudicatory improvement period. Petitioner Father admitted that he was charged with two counts of possession with the intent to deliver, three counts of delivery of a controlled substance, and one count of operating a clandestine lab.[2] Petitioner Father also admitted that he tested positive for suboxone and benzodiazepine on May 13, 2011, and amphetamines, methamphetamines, suboxone, benzodiazepines, and cocaine on February 1, 2013. Petitioner Father also admitted that he had used heroin. Further, Petitioner Father admitted that he abused illegal substances and

---

[1]Petitioner Father was incarcerated from February 3, 2013, until May 30, 2013.

[2]Petitioner Father states that all of these charges were dismissed.

1

has a history of substance abuse. Finally, Petitioner Father admitted that his substance abuse has adversely affected the child and his ability to ensure her safety and well-being. That same month, the circuit court held an adjudicatory hearing, during which Petitioner Father stipulated to his extensive substance abuse history. In response, the circuit court found that Petitioner Father's drug addiction "has severely affected his ability to properly care for the minor child," but granted Petitioner Father a six-month post-adjudicatory improvement period. As part of his improvement period, Petitioner Father was directed to participate in drug screens, individualized parenting classes, and adult life skills classes. He was also ordered to submit to a psychological assessment. The circuit court granted Petitioner Father supervised visitation.

In September of 2013, the DHHR filed a judicial review summary indicating that Petitioner Father stopped participating in drug screens on August 27, 2013; missed a scheduled visit; and failed to attend a multidisciplinary team meeting. On September 19, 2013, a review hearing was held during which the circuit court heard proffers from the parties consistent with the DHHR's judicial review summary. By order entered on October 17, 2013, the circuit court revoked Petitioner Father's post-adjudicatory improvement period.

The following month, the circuit court held a dispositional hearing. At the conclusion of the dispositional hearing, the circuit court found that Petitioner Father had a drug addiction and had failed to remedy his addiction or benefit from services during the proceedings. The circuit court then terminated Petitioner Father's parental rights and denied him post-termination visitation until the paternal grandfather determined that visitation was in the child's best interests. The circuit court also granted the paternal grandfather permanent legal guardianship of the child. It is from this order that Petitioner Father appeals.

The Court has previously established the following standard of review in such cases:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of Petitioner Father's parental rights. While Petitioner Father argues that the circuit court failed to employ the least restrictive alternative pursuant to West Virginia Code § 49-6-5(a) and our holding in syllabus point one of *In re R.J.M.*, 164 W.Va.

496, 266 S.E.2d 114 (1980),[3] Petitioner Father's argument ignores our further directions regarding termination upon findings that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future.

This Court has repeatedly stated that,

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, *W.Va.Code, 49–6–5* [1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under *W.Va.Code, 49–6–5(b)* [1977] that conditions of neglect or abuse can be substantially corrected." Syl. pt. 2, *In Re: R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re Dejah P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). In this case, the circuit court found that there was no reasonable likelihood that Petitioner Father could substantially correct the conditions of abuse and neglect in the near future. The record shows that while Petitioner Father initially complied with the terms of his post-adjudicatory improvement period, he failed to submit to random drug screens after August 27, 2013. Petitioner Father also failed to undergo a court ordered psychological assessment to determine if any additional services were necessary to remedy the conditions of abuse and neglect. The record on appeal also supports that Petitioner Father failed to fully participate in the proceedings. Specifically, Petitioner Father failed to attend a multidisciplinary team meeting, failed to remain in contact with the DHHR, and failed to attend several hearings, including the dispositional hearing. For these reasons, the circuit court correctly revoked Petitioner Father's post-adjudicatory improvement period. Further, the circuit court found that Petitioner Father failed to remedy his drug addiction or take advantage of services.

Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the parent can substantially correct the conditions of abuse and neglect includes one where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the

---

[3]This Court previously held that

> [a]s a general rule the least restrictive alternative regarding parental rights to custody of a child under W.Va.Code, 49-6-5 (1977) will be employed; however, courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements.

Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

abuse or neglect of the child . . . ." As stated above, the evidence shows that Petitioner Father failed to participate in services designed to remedy the conditions of abuse and neglect. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

Finally, Petitioner Father argues that the circuit court erred in denying his motion for post-termination visitation in light of his close emotional bond with the child. In support of his position, Petitioner Father states that he had sole legal and physical custody of the child since 2008, and that the child remained in his care until these proceedings were initiated. Petitioner Father also states that he only missed one visitation during the underlying matter. We have previously stated that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 2, *In re Billy Joe M.,* 206 W.Va. 1, 521 S.E.2d 173 (1999).

Upon our review, the Court finds no error in the circuit court's decision to deny Petitioner Father post-termination visitation until the grandfather determines that it is in the child's best interest. Circuit courts may grant post-termination visitation if it considers that such a relationship is in the children's best interests and if it would not unreasonably interfere with their permanent placement. *See State ex rel. Amy M. v. Kaufman,* 196 W.Va. 251, 260, 470 S.E.2d 205, 214 (1996). In this case, the circuit court specifically found that Petitioner Father failed to successfully complete his improvement period, that his "failure to be involved in [the child's] life has adversely impacted her," and that Petitioner Father's behavior has "slowly broken" his bond with her. This shows that the circuit court considered the history of the case and Petitioner Father's bond with his child, but it determined that post-termination visitation was not in the best interest of the child and would disrupt the child's current placement. Further, nothing in our statutory provisions or case law prevents a circuit court from allowing the paternal grandfather to exercise discretion in regard to post-termination visitation, and we find no error in the circuit court's decision.

For the foregoing reasons, we find no error in the decision of the circuit court and the December 19, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II